IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR § <br> MAGDALINA GEORGIEVA § <br> KALINCHEVA, M.D., ET AL., § <br>       PLAINTIFFS, § <br> § <br> V. § <br> § <br> JESSE L. NEUBARTH, ET AL., § <br>       DEFENDANTS. § | CIVIL CASE NO. 3:23-CV-394-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of jurisdiction.

**I. BACKGROUND**

On February 21, 2023, Plaintiff Dr. Magdalina Georgieva Kalincheva, a California resident, filed an *Emergency Notice of Removal*, which totals 274 pages. Doc. 2. She seeks to remove a state court action against her former husband, Dr. Jesse L. Neubarth, also a resident of California, from the California Superior Court in Kern County. Doc. 2 at 1. Kalincheva also purports to remove an action against Neubarth's brother from the California Superior Court in San Joaquinn County, and another action relating to a Twitter merger from the Delaware Court of Chancery. Doc. 2 at 1. In the *Emergency Notice of Removal*, Kalincheva names the United States and herself as the Plaintiffs and Neubarth, his twin brother, and various other entities and individuals as Defendants. Doc. 2 at 1. For instance, Kalincheva names as Defendants the

"State of California RICO Illegal UA Jews Cartel . . . US Consuls . . . Customs Airport Bulgaria . . . IRS, Mental, HSA, RTD, City of Stockton, Police . . . DMV . . . ." Doc. 2 at 1.

Kalincheva presents wholly scurrilous and delusional allegations. She asserts that she is "the First and the Only Legal Wife" of Neubarth and is "still legally married to him as there was never divorce agreement with her[.]" Doc. 2 at 1. She purports to remove "the entire fabricated ILLEGAL Diabolical RICO Immigration Marital Paternity Identify Thefts and FRAUDs Wrongful Kern Fraudulent Mispresentation 'dissolution' No: S1501FL629640 | Neubarth v. Neubarth[.]" Doc. 2 at 2. Kalincheva complains of fraud, breach of federal and maritime contracts, RICO violations, and the stealing of "[h]ouses, money and assets worth $Trillions[.] Doc. 2 at 2.

The Court takes judicial notice that Kalincheva has unsuccessfully filed many lawsuits nationwide (over 40 cases) against Neubarth. *See* PACER Case Locator.[1] Like in the case *sub judice*, she failed in the others to allege a coherent set of factual allegations, and they consequently were dismissed for lack of jurisdiction, as frivolous or for failure to state a claim. *See, e.g., Kalincheva v. Neubarth*, No. 1:14-CV-1262, 2014 WL 5106432, at *1 n. 1 & *3-5 (E.D. Cal. Oct. 10, 2014) (denying leave to proceed *in forma pauperis,* dismissing claims for failure to state a claim, collecting prior dismissals, and warning that other actions lacking merit may result in pre-filing restrictions), *R. & R. accepted*, No. 1:14-CV-1262 (E.D. Cal. Oct. 31, 2014); *Kalincheva v. Neubarth*, No. CIV.A. 13-40110-TSH, 2013 WL 5524815, at *1-4 (D. Mass. Oct. 2, 2013) (dismissing for lack of jurisdiction, collecting prior dismissals, and warning of prefiling restrictions); *Kalincheva v. Neubarth*, No. 1:14cv3048 (D. Colo. Dec. 30, 2014)

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Mar. 2, 2023).

(dismissing repetitious claims as both frivolous and malicious and warning of prefiling restrictions); *Kalincheva v. Neubarth*, No. 8:15-CV-44, 2015 WL 12862711, at *1-2 (D. Neb. Feb. 10, 2015) (dismissing with prejudice rambling and incoherent action).

Because subject matter jurisdiction is lacking, this action should be remanded *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove a state court action if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. In addition, the removing party bears the burden of establishing jurisdiction, *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001), and "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Court liberally construes the notice of removal with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal

construction, however, the *Emergency Notice of Removal* fails to allege facts that could be construed to establish federal question or diversity jurisdiction.[2]

"Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008)). Here, the notice of removal lacks any factual allegations that support federal question or diversity jurisdiction. To the extent that Kalincheva has or will try to assert defenses based in federal law, that cannot by itself support subject matter jurisdiction in this Court. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

It is also clear from Kalincheva's filings that there is no jurisdiction based on diversity of the parties. Her pleadings establish that she and Neubarth are both citizen of the State of California along with some of the other Defendants, such as the State of California and the City of Stockton. Doc. 3 at 7. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (concluding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants).

---

[2] Because Kalincheva is a plaintiff in the state court action, her removal is also procedurally improper since only a defendant is permitted to remove an action from state to federal court. 28 U.S.C. § 1441(a).

### III. IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Based on Kalincheva's filing history and her pattern of filing repetitious actions that are frivolous or over which the court lacks subject matter jurisdiction, she should be barred from filing future actions *in forma pauperis* in this or any other federal Court without first obtaining leave of court. *See Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. Apr. 6, 2021) (per curiam) ("[T]he district court had jurisdiction to sanction [plaintiffs] despite the general absence of subject matter jurisdiction. Even after a court dismisses a case, it retains authority to sanction.").

### IV. CONCLUSION

For all these reasons, this action should be **REMANDED** *sua sponte* for lack of jurisdiction to the California Superior Court in Kern and San Joaquin Counties and the Delaware Court of Chancery.

Further, Kalincheva should be **BARRED** from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which she is plaintiff, should not be reviewed by the Court.

**SO RECOMMENDED** on March 14, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).